### BOAZ v. MITCHELL BROS.  (No. 2090.)

Court of Civil Appeals of Texas.  El Paso.
Jan. 12, 1928.

Rehearing Denied Feb. 9, 1928.

1. **Appeal and error** ⊜⇒387(3)—**Where appeal bond was not filed within twenty days after term ended, Court of Civil Appeals held without jurisdiction (Rev. St. 1925, art. 2253, as amended by Acts 40th Leg. [1927] c. 15).**

Under Rev. St. 1925, art. 2253, as amended by Acts 40th Leg. (1927) c. 15, where appeal bond was not filed with clerk of trial court within twenty days after the expiration of the term of court, Court of Civil Appeals *held* without jurisdiction of appeal.

2. **Appeal and error** ⊜⇒387(3)—**Statute allowing nonresident thirty days to file appeal bond held inapplicable on appeal from court, term of which continued three weeks only (Rev. St. 1925, art. 199, and art. 2253, as amended by Acts 40th Leg. [1927] c. 15).**

Rev. St. 1925, art. 2253, as amended by Acts 40th Leg. (1927) c. 15, allowing nonresidents thirty days to file appeal bond, *held* inapplicable on appeal from court, the term of which, un-

der article 199, continued three weeks only, such provision applying only on appeals from courts, the terms of which may continue more than eight weeks.

Appeal from District Court, Pecos County; C. R. Sutton, Judge.

Action by Z. Boaz against W. F. Mitchell and another, composing the partnership of Mitchell Bros. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

R. D. Blaydes and Williams & Jackson, all of Ft. Stockton, and Kemp & Nagle, of El Paso, for appellant.

James Cornell, of San Angelo, and Jos. G. Montague, of Ft. Stockton, for appellees.

WALTHALL, J. Appellant, Z. Boaz, brought this suit in the district court of Pecos county, against W. F. Mitchell and F. A. Mitchell, composing the partnership of Mitchell Bros., to recover damages upon an alleged breach of contract for the sale and delivery of cattle.

The caption of the transcript shows that the case was tried in Pecos county at the term of the district court ending on the 26th day of March, 1927. At that term final judgment was entered disposing of the case. The transcript further shows that the appeal bond filed by appellant, and upon which this appeal is prosecuted, was filed in the office of the district clerk of Pecos county, and approved by the district clerk, on April 18, 1927, more than twenty days after the adjournment of the term of court.

[1, 2] Pecos county is in the Eighty-Third judicial district, and under the law the term of the court may continue in session in Pecos county for three weeks. Article 199, subd. 83, R. C. S. 1925. To perfect an appeal, the appeal bond must be filed with the clerk of the trial court within twenty days after the expiration of the term. Article 2253, R. C. S. 1925. The same article amended (chapter 15, General Laws, Fortieth Legislature, Reg. Sess. p. 21). The petition and the evidence show that appellant is a nonresident of Pecos county, but the thirty days allowed nonresidents in which to file appeal bond applies only to terms of court which by law may continue more than eight weeks. Same article of the statute above referred to; Hartsough-Stewart Const. Co. et al. v. Harty & Vogelsang (Tex. Civ. App.) 183 S. W. 1, and cases there referred to.

The appeal not being perfected by filing the appeal bond within the time required by law, this court is without jurisdiction, and the appeal is dismissed.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes